78 F.3d 604
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Merrion A. NETTLES, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3714.
 United States Court of Appeals, Federal Circuit.
 Feb. 12, 1996.
 
 Before NEWMAN, MICHEL, and SCHALL, Circuit Judges.
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 Merrion A. Nettles petitions for review of the June 20, 1995 initial decision of the Merit Systems Protection Board (board), No. SF-0752-95-0444-I-1, dismissing as untimely her appeal to the Board challenging her removal from service. Since petitioner failed to file a petition for review, the initial decision became the board's final decision on July 25, 1995. 5 C.F.R. § 1201.113. Because the board's finding that Nettles failed to show good cause for her delay of nine days in filing her appeal is not arbitrary, capricious, an abuse of discretion, otherwise not in accordance with the law, or unsupported by substantial evidence, we affirm.
 
 DISCUSSION
 
 2
 The Department of the Navy's Child Care Center (agency) removed Nettles from her position of Operations Clerk effective on January 22, 1995, and she received the agency's decision informing her of her removal and her appeal rights on January 8, 1995. She appealed the action to the board on March 2, 1995, nine days past the February 21, 1995 thirty-day filing period accruing from the effective date of her removal on January 22, 1995. In response to the Administrative Judge's (AJ) acknowledgement order requesting her to show good cause for the delay, Nettles responded only that her appeal was untimely because her pain medication made it difficult for her to understand the forms sent to her and the explanation of her appeal rights. The AJ found that she failed to establish good cause because she did not show that the pain medication affected her ability to understand the forms and because she conceded that she consulted a magistrate on February 1, 1995 to help her "fill out the necessary forms," but still did not file the appeal within the February 21, 1995 deadline.
 
 
 3
 We consider the question of whether a party has demonstrated good cause for waiving the time limit for filing an appeal with the board as one properly within the board's discretion, and will not substitute our own judgment for that of the board absent a decision of the board that is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc). See 5 U.S.C. § 7703(c) (1994).
 
 
 4
 The only issue before us is whether the decision finding that Nettles failed to show good cause for not meeting the deadline for filing her appeal constitutes an abuse of discretion. The board may waive its time limit for filing an appeal of an agency action if the appellant demonstrates good cause for the filing delay by preponderant evidence. See 5 C.F.R. § 1201.12 (1994); Walls v. Merit Sys. Protection Bd., 29 F.3d 1578, 1581 (Fed.Cir.1994). Appellant need not show that it was impossible to file timely, only that the delay was excusable where ordinary diligence or ordinary prudence had been exercised. Phillips v. United States Postal Serv., 695 F.2d 1389, 1391 (Fed.Cir.1982). We have recognized a series of factors enunciated by the board in Alonzo v. Department of the Air Force, 4 M.S.P.R. 180, 184 (1980), as relevant to the inquiry. These include (1) length of delay; (2) whether the appellant was aware of the time limit; (3) the existence of circumstances beyond his control which affected his ability to comply with the time limit; (4) the degree to which negligence by the appellant has been shown to be present or absent; (5) circumstances showing that the neglect was excusable; and (6) the extent and nature of the prejudice to the agency which would result from waiver of the time limit. See Walls, 29 F.3d at 1582 (quoting Alonzo, 4 M.S.P.R. at 184). In order for medical infirmities to constitute good cause for waiving the time limit for filing, the employee must demonstrate that the complained of ailment impaired his ability to make a timely filing. Carreon v. Office of Personnel Management, 46 M.S.P.R. 16, 19-20 (1990), aff'd, 930 F.2d 38 (Fed.Cir.1991) (Table). Merely claiming that one was incapable of filing will not meet the board's standard for waiving the time limit for filing an appeal. See Flocco v. Department of the Navy, 44 M.S.P.R. 505, 508 (anxiety, depression, stress, and other medical problems found insufficient excuse to show appellant was prevented from filing a timely petition for review), aff'd, 923 F.2d 871 (Fed.Cir.1990).
 
 
 5
 Nettles does not claim that she was unaware of the filing requirements due to her health problems. In fact, she concedes that she received help in filling out the forms necessary for the appeal well in advance of the filing deadline. Nor does she produce medical evidence either to show how her medication prevented her from following the written instructions on timely filing of an appeal, or to support her assertion that her depression or the medication prevented her from timely filing her appeal. Thus, the AJ's finding that Nettles failed to adequately explain her lack of diligence in filing her appeal is supported by substantial evidence.
 
 
 6
 Because the AJ's ruling that Nettles failed to show good cause why her appeal was untimely filed was not arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or not in accordance with the law, we affirm the dismissal for untimely filing.